## Samuel Stevens *versus* Reuben Dimond.

A penalty incurred under the by-law of a town, made to prohibit horses from going at large in the highways of the town during certain seasons of a certain year, may be enforced after the expiration of the year.

This was a writ of error brought to reverse a judgment of the court of common pleas in this county.

It appeared by the record, that Stevens brought an action of debt against Dimond upon the statute of June 17, 1811, entitled " an act to authorize towns to make by-laws to prevent horses, &c. from going at large," and upon a by-law made by the town of Hawke, on the 9th March, 1830, " that if any horse, horse kind, &c. shall be found going at large from and after the first day of April, until the last day of October, in any street, high-

way or common in said town, the owner thereof shall, for each and every offence, forfeit and pay the sum of four dollars, with costs of suit, to any person who may sue for the same, to be recovered in an action of debt, &c. unless such horse, &c. shall be going at large without the knowledge or negligence of the owner or owners."

It was alleged in the declaration that Dimond, on the 11th May, 1830, at Hawke, let one mare and one colt, he being the owner thereof, go at large in a certain highway in said Hawke, with his own knowledge and consent, contrary to the form and effect of the law aforesaid.

The defendant pleaded that he did not owe in manner and form as alleged, and the cause was tried in the common pleas, at October term, 1831, when the plaintiff proved the making of the by-law, and that the mare and colt of the defendant were, on the 11th May, 1830, at large, with his consent, in a highway in Hawke ; but the court directed the jury that the said by-law being in force for a year only, from the time of making thereof, and having expired by its own limitation, the plaintiff could not sustain his action.   The jury having returned a verdict for the defendant, a bill of exceptions to the directions of the court to the jury was filed and allowed, and this writ of error brought.

*James Bell* and *D. French*, for the plaintiff in error.

*Sullivan* and *Pillsbury*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The action, the judgement in which is now before us, was founded, as well upon the statute which authorized towns to make by-laws, as upon the by-law, and it was necessary to allege in the declaration, that the offence was committed, as well against the form of the statute, as against the form of the by-law.   1 Chitty's Pl. 358 ; 3 Pickering, 462, *Commonwealth* v. *Worcester ;* 5 ditto, 44, *Commonwealth* v. *Gay.*

The statute, on which that action was founded, still remains in force ; and the by-law has never been repealed by the town.

But the court below were of opinon that the by-law expired with the year by its own limitation, and ceased to be in force. And if this be correct, it is clear that the verdict was right ; for after a law ceases to be in force no penalty can be enforced, nor punishment inflicted for violations of the law while it was in force.

The question then, is, did the by-law in this case cease to be in force after the year, so that no action for a penalty incurred under it can now be maintained ?

There is nothing in the by-law itself which, in express terms, declares it shall not be in force after the year. When the period it was intended to regulate expired, it, without doubt, ceased to be a rule to regulate what was done afterwards. But did it cease to be the law of that period ?

In many cases statutes that are repealed, or that cease to be in force by their own limitation, continue to be the law of the period when they were in force. It is, however, settled, that this is not the case with laws inflicting penalties. When these expire by their own limitation, or are repealed, they cease to be the law in relation to the past, as well as the future, and can no longer be enforced in any case. No case is, however, to be found in which it was ever held before that they thus ceased to be law, unless they expired by express limitation in themselves, or were repealed. It has never been decided that they cease to be law, merely because the time they were intended to regulate had expired. Many laws have been passed which were limited in their operation to particular seasons of the year. This was the case with the statutes which regulated the hunting of deer, and the taking of fish in rivers and ponds. But it is imagined that no one ever supposed that those laws expired by their own limitations every time the season they were

intended to regulate expired, and revived again with the return of the season. The same is the case with the statutes regulating the observance of the sabbath. The statutes apply only to one day in the week. But we imagine no person will contend that they remain in force only during Sunday.

So we have a statute which prohibits the publication of the revised laws within the period of ten years from a certain time under a penalty. It seems to us that no one would seriously suppose that a penalty incurred under that statute could not be enforced after the expiration of the ten years.

A very little consideration of the subject will convince any one that a limitation of the time to which a statute is to apply, is a very different thing from the limitation of the time a statute is to continue in force.

We are, therefore, of opinion, that the instructions given to the jury by the court below were incorrect, and that the judgment must be reversed.